## MENKE et v
## GOLD MEDAL OIL CO, etc., et (2 cases)

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4376 & 4378. Decided Sept 11, 1933

John A. Scanlon, Cincinnati, Edwin G. Becker, Cincinnati, and Leonard J. Dempsey, Cincinnati, for plaintiffs.

Freiberg & Simmonds, Cincinnati, Galvin & Tracy, Cincinnati, J. Paul Geoghegan, Cincinnati, and Jerome Goldman, for defendants.

## OPINION

By ROSS, J.

Courts only with the greatest reluctance interfere in the internal administration of the affairs of a corporation and only do so when it clearly appears that a fraud has been perpetrated or in the case of officers and directors that they are guilty of a breach of trust to those to whom they owe a fiduciary obligation.

It is claimed by the plaintiffs in an extended argument, that the sale of the ninety shares to the defendant stockholders was a fraud upon the plaintiffs. We find that the record fails to sustain this contention. All of the plaintiffs had had a continuing right, for a number of years, to purchase this stock, of which privilege they took no advantage. They cannot now complain that in availing themselves of this same privilege the defendants have violated a trust or been guilty of fraud.

Some considerable point is made of the fact that this purchase of the ninety shares was done without the defendants advising the plaintiffs of their intention. Owing to the strained relations then existing between the parties, such action can be easily understood. The defendants had a right to purchase the stock and the ensuing election was valid and legal.

On the cross-petitions a reading of the language of the certificate previously quoted fails to disclose that the plaintiff Laura E. Menke as owner and executrix is entitled to demand that the stockholders purchase all or none. Such a provision could have been easily written into the certificate contract. It was not and this court cannot now insert it. It is quite apparent why the stockholders should not desire to extend a privilege into an obligation, for if the construction contended for by the plaintiffs had been a provision, and had been placed in the certificate contract by conclusive language, the action of one shareholder with one share of stock in refusing to take his proportionate share because of financial inability or otherwise would prevent any

shareholder availing himself of the privileges conferred by the contract and which he relied on in taking his stock. Such action by such individual shareholder also would release the estate from any obligation to proceed with the others. It is not difficult to see the harshness and undesirableness of such a provision and ample reason for its not being placed in the certificate contract. In any event, no language is used evidencing such an intention.

As to the claim against the estate of Joseph B. Menke, we do not find that the necessary steps have been taken to properly assert this claim at this time in this proceeding.

It is our conclusion therefore, that the petition of the plaintiffs be dismissed and that the prayers of the defendants for specific performance be granted and that the claim of the corporation against the estate of Joseph B. Menke is denied. A decree may be presented accordingly.

As the matter has been heard on appeal, the petition in error will be dismissed at the costs of the plaintiff in error.

HAMILTON, PJ, and CUSHING, J, concur.